## Ickes, Appellant, *v.* Ambridge, Leetsdale & Edgeworth Street Railway Company.

*Street railways—Change of grade of street—Liability for damages to abutting property—Evidence.*

In an action by a property owner against a street railway company to recover damages caused by the lowering by the defendant of the street in front of plaintiff's property, it appeared that the ordinance which gave the railway company the right to construct its road upon the street was conditioned that the road should conform to the established grade, but that when the line of the plaintiff's abutting property was reached the company cut down the grade of the street, and it further appeared that after the company started work on the street the borough by ordinance changed the grade, and the excavation in front of plaintiff's property was just what was required under the ordinance. The plaintiff offered to show by a witness when it was that the work was done before plaintiff's house, which offer was refused. Upon appeal, *held,* error, as this evidence was material, since, if the work was done by the defendant company subsequent to the adoption of the ordinance the plaintiff could look only to the borough for compensation for any damage sustained, but if it was done before, then the defendant company was answerable for the injury.

Argued Oct. 15, 1914.  Appeal, No. 226, Oct. T., 1914, by plaintiff, judgment of C. P. Allegheny Co., First T., 1908, No. 349, of nonsuit in case of Martha Ickes v. Ambridge, Leetsdale & Edgeworth Street Railway Company.  Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Trespass to recover damages caused by the change of grade of the street.  Before DAVIS, J.

The opinion of the Supreme Court states the case.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the refusal to take off the compulsory nonsuit.

*F. C. McGirr,* with him *Richard and Rogers,* for appellant.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 2, 1915:

The ordinance which gave the railway company the right to construct its road upon the streets of the borough was conditioned that the road should conform to the established grade of the street.  So long as this condition was being observed the company was rightfully upon the street.  When it attempted to do more—if it did so attempt—it was a trespasser to whatever extent it was exceeding its authority, and made itself liable at the suit of any one who was injured in consequence. The company began work on the streets 30th June, 1906, and, as we understand, proceeded with due observance of the condition, at least for a time.  When, however, the line of appellant's abutting property was reached, instead of observing the grade as it was, the company cut down the street some four feet in front of plaintiff's

house, thus interfering more or less with ready access to it. Just when this was done was a material inquiry. Under the ordinance, and indeed aside from it, the defendant company was bound to observe any change of grade authorized by the borough and conform its grade accordingly. On the 13th September, 1906, the borough by ordinance changed the grade, and the excavation in front of plaintiff's property is just what was required under the later ordinance. If this work was done by the defendant company subsequent to the 13th September, when the change of grade was adopted, the plaintiff can look only to the borough for compensation for any damage she has sustained; if it was done before, then the defendant company did what it had no right to do, and is answerable for the injury. On the trial the plaintiff offered to show by a witness when it was that the work was done before plaintiff's house. It was objected to as irrelevant and refused. We assume that the purpose of the offer was to show that the work was done at a time when the defendant was without authority. The rejection of this offer is the subject of the fifth assignment of error. We sustain it and accordingly reverse the judgment with a venire.